**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KATHLEEN CAPUTO and NATALIE ROMEO, on behalf of themselves and all similarly situated individuals, | : : : : | Case No.: 4:23-cv-265 |
| Plaintiffs, | : : | |
| v. | : : | Judge: _____ |
| MVI, INC. 401(k) PLAN, | : : | |
| -&- | : : | |
| MVI, INC. | : : | |
| -&- | : : | |
| MVI HOME CARE, INC. | : : : | **JURY DEMANDED** |
| -&- | : : | |
| KEVIN MCGUIRE, | : : : | |
| Defendants. | : : | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

## I.    PRELIMINARY STATEMENT

This is an action brought by Kathleen Caputo and Natalie Romeo ("Named Plaintiffs") on

behalf of themselves and all current and former non-exempt employees (hereinafter the "Putative

Wage Class Members") (Named Plaintiffs and the Putative Wage Class Members will be

collectively referred to as the "Wage Plaintiffs") who jointly worked for Defendant MVI Home

Care, Inc., ("Defendant MVI Home Care"), Defendant MVI, Inc. ("Defendant MVI, Inc."), and

Defendant Kevin McGuire ("Defendant McGuire") (collectively, the "Wage Defendants") at any

1

time from approximately three (3) years preceding the commencement of this action through the date of judgment to recover compensation, liquidated damages, treble damages, attorneys' fees and costs, and other equitable relief pursuant to the provisions of sections 203, 206, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b), claims under the Ohio Wage Laws. O.R.C. § 2307.60 and for unjust enrichment as a class action, pursuant to Fed. R. Civ. P. 23.

Named Plaintiffs also bring this action on behalf of themselves and all current and former participants in the defined contribution plan MVI, Inc. 401(k) Plan (hereinafter the "ERISA Class Members") (Named Plaintiffs and the ERISA Class Members will be collectively referred to as the "ERISA Plaintiffs"). Defendant MVI, Inc. 401(k) Plan, a defined contribution plan, was administered by Defendant MVI, Inc., a fiduciary of the Plan and the employer of the ERISA Plaintiffs. Defendant Kevin McGuire, a fiduciary of the Plan, exercised discretionary authority or control over the Plan and/or Plan assets. (Defendant MVI, Inc. 401(k) Plan, Defendant MVI, Inc., and Defendant Kevin McGuire will collectively be referred to as the "ERISA Defendants"). The ERISA Plaintiffs bring this action seeking monetary relief; injunctive, make-whole, or other equitable relief; as well as costs of this action, including attorneys' fees. Specifically, the ERISA Plaintiffs seek delinquent contributions and deductions pursuant to the terms of the governing plan documents, 29 U.S.C. § 1001 *et seq.*, and relevant regulations; liquidated damages and interest attributable to such delinquent contributions; relief arising from any breach of fiduciary duties, including but not limited to failing remit plan assets, causing the plan to engage prohibited transactions, and unlawful self-dealing; an Order from this Court enjoining the ERISA Defendants from further breaching the terms of the plan documents and violating ERISA and its associated

regulations; and an Order enforcing the terms of the plan documents and ERISA—all pursuant to 29 U.S.C. §§ 1132(a)(1), (2), and (3).

## II.    JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

2.      This Court has supplemental jurisdiction over Named Plaintiff's Ohio claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiffs' claims under the FLSA that they form part of the same controversy.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in Mahoning County, Ohio.

4.      Pursuant to 29 U.S.C. § 1132(h), a copy of this Complaint has been served upon the Secretary of Labor at the Office of the Secretary of Labor, 200 Constitution Ave., NW, Washington, D.C. by certified mail.

5.      Pursuant to 29 U.S.C. § 1132(h), a copy of this Complaint has been served upon the Secretary of the Treasury, at the Office of the Secretary of the Treasury, 1500 Pennsylvania Ave., NW, Washington, D.C. 20220by certified mail.

## III.    PARTIES

### A.  Named Plaintiffs

6.      Named Plaintiff Kathleen Caputo ("Plaintiff Caputo") is an adult resident of Mineral Ridge, Ohio residing at 1735 Warner Avenue, Mineral Ridge, Ohio 44440, was formerly employed by the Wage Defendants as a Physical Therapist, and is a "participant" in the MVI, Inc. 401(k) Plan under 29 U.S.C. § 1002(7). Her consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit A**.

7.     Named Plaintiff Natalie Romeo ("Plaintiff Romeo") is an adult resident of Poland, Ohio residing at 97 Renwick Drive, Poland, Ohio 44514, was formerly employed by the Wage Defendants as a Physical Therapist Assistant, and is a "participant" in the MVI, Inc. 401(k) Plan under 29 U.S.C. § 1002(7). Her consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit B**.

8.     Plaintiff Caputo and Plaintiff Romeo will be collectively referred to as the "Named Plaintiffs."

9.     Named Plaintiffs were jointly employed by Wage Defendants as non-exempt employees within the meaning of the FLSA, the Ohio Constitution, Article II, Section 34a ("Section 34a"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et seq.*, (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60.

10.    As joint employees of the Wage Defendants, Named Plaintiffs were members of and participated in the Plan.

   **B.  Wage Defendants**

11.    Defendant MVI Home Care is a corporation for profit registered to do business in the state of Ohio. Process may be served upon its registered agent, Edward F. Smith, at 6550 Seville Drive, Suite B, Canfield, Ohio 44406.

12.    Defendant MVI, Inc. is a corporation for profit registered to do business in the State of Ohio, may be served through its registered agent, Edward F. Smith, at 6550 Seville Drive, Suite B, Canfield, Ohio 44406

13.     Defendant Kevin McGuire is an individual residing at 5578 Logan Arms Drive, Girard, Ohio 44420 Defendant McGuire is Defendant MVI, Inc.'s and Defendant MVI Home Care, Inc.'s principal and owner. Process may be served upon him at his residential address.

14.     Defendant MVI Home Care, Defendant MVI, Inc. and Defendant McGuire will be collectively referred to as the "Wage Defendants."

15.     Wage Defendants have at all relevant times been joint employers within the meaning of the FLSA.

16.     Wage Defendants have at all relevant times been joint employers within the meaning of Section 34a and the Ohio Acts.

17.     Wage Defendants jointly maintain and care for the Plan for the benefit of their joint employees.

### C.  The ERISA Defendant

18.     Defendant MVI, Inc. 401(k) Plan (the "Plan") is a "defined contribution plan" under 29 U.S.C. § 1002(34) that maintains its principal place of business in Mahoning County, Ohio. The Plan is in care of Defendant MVI, Inc, along with the other Wage Defendants. Process therefore may be served upon the Plan through Defendant MVI, Inc.'s registered agent, Edward F. Smith, at 6550 Seville Drive, Suite B, Canfield, Ohio 44406.

19.     Defendant MVI, Inc. and Defendant McGuire (collectively the "ERISA Defendants"), are the administrator and fiduciary of the Plan. Defendant MVI, Inc. is an "employer" in "commerce" or "affecting commerce" within the meaning of 29 U.S.C. § 1002(5), 29 U.S.C. § 1002(1), and 29 U.S.C. § 1002(12).

## IV.    STATEMENT OF FACTS

### Facts Pertaining to the Wage Defendants

20.    The allegations above are specifically incorporated by reference as if fully re-alleged herein.

21.    During all times material to this Complaint, the Wage Defendants were joint "employers" within the meaning of the FLSA, Section 34a, and the Ohio Acts.

22.    During all times material to this Complaint, the Wage Defendants jointly employed Named Plaintiffs and all those similarly situated, (collectively referred to as "Plaintiffs") within the meaning of the FLSA, Section 34a, and the Ohio Acts.

23.    During all times material to this Complaint, the Wage Defendants were a joint enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

24.    During all times material to this Complaint, the Plaintiffs have been the Wage Defendants' employees pursuant to Section 34a and the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

25.     During all times material to this Complaint, the Wage Defendants hired the Plaintiffs as hospice, nurse, and physical therapy staff to provide care to the Wage Defendants' patients either at the respective patients' homes or at the Wage Defendants' facility.

26.     The Wage Defendants use non-exempt employees like the Plaintiffs to provide hospice, nursing, and physical therapy to patients.

27.     At all times material to this Complaint, not all the Plaintiffs were paid at least $684.00 per workweek.

28.     On December 21, 2022, the Wage Defendants informed the Plaintiffs via a mass-email update that the Wage Defendants would be jointly ceasing their business operations and, resultingly, immediately laying off the Plaintiffs.

29.     Until the Wage Defendants jointly ceased operations (as they pertain to the Plaintiffs' employment) on December 21, 2022, the Plaintiffs duly performed their respective job duties to the benefit of the Wage Defendants.

30.      However, from the time spanning from approximately November 27, 2022 until approximately December 21, 2022, the Plaintiffs were not—and have not been—compensated for their work performed within that time.

31.     To the date of the filing of this Complaint, the Plaintiffs are owed compensation for their work performed for the Wage Defendants' benefit during this time.

32.     Resultingly, the Plaintiffs are still owed for approximately hundreds to thousands of hours worked under the Wage Defendants' joint employment.

33.     Throughout all times material to this Complaint, the Wage Defendants all shared the ability to hire or fire employees.

34.     Further, the Wage Defendants also maintained joint control over the Plaintiffs' work schedule and conditions of employment to a substantial degree. Indeed, Defendant McGuire was aware of and had influence over the scheduling and job assignments of each department of the Wage Defendants.

35.     Defendant McGuire also exercised significant control over the Plaintiffs' payroll; he himself oversaw and processed the Plaintiffs' payroll and was the ultimate decision-maker concerning matters pertaining to the Plaintiffs' payment. In turn, he exercised significant control over the Plaintiffs' pay and employment records.

36.     The Wage Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay all the Plaintiffs' at least the federal and/or the Ohio minimum wage for all hours worked.

### Facts Pertaining to the ERISA Defendants

37.     The allegations above are specifically incorporated by reference as if fully re-alleged herein.

38.     The ERISA Defendants at all times relevant were contractually bound to plan documents establishing the Plan.

39.     Upon information and belief, ERISA Defendants oversaw the drafting of the documents establishing the Plan and other associated Plan documents.

40.     ERISA Defendants were the Plan Administrator and, in turn, a fiduciary of the Plan.

41.     ERISA Defendants chose to qualify the Plan as an ERISA 404(c) plan.

42.     Under the Plan documents, ERISA Defendants were obligated to remit employer contributions and employee deductions to the Plan on behalf of participants of the Plan, including the Plaintiffs.

43.     ERISA Defendants withheld these employee deductions from the Plaintiffs' wages on a biweekly basis.

44.     ERISA Defendants exercised dominance and control over the Plaintiffs' employer contributions and employee deductions, failing and refusing to remit the funds to the Plan.

45.     From October 12, 2022 to present, ERISA Defendants failed to remit any of the required contributions and deductions on behalf of the Plaintiffs to the Plan.

46.     ERISA Defendants have not taken any action whatsoever to collect the delinquent contributions and deductions, which are plan assets due and owing to the Plan.

47.     To date, ERISA Defendants have not remitted the required contributions and deductions to the Plan.

48.     With respect to the Plaintiffs, the plan is owed an amount yet to be determined in delinquent contributions and deductions.

**V.     CAUSES OF ACTION**

<u>**COLLECTIVE ACTION ALLEGING FLSA VIOLATIONS**</u>

49.     The allegations above are specifically incorporated by reference as if fully re-alleged herein.

50.     The FLSA Collective is defined as:

**All current and former non-exempt employees who worked for MVI Home Care, Inc., MVI, Inc., and Kevin McGuire at any time from approximately three (3) years preceding the commencement of this action through the date of judgment (the "FLSA Collective").**

51.     Named Plaintiffs reserve the right to amend and refine the definition of the class they seek to represent based upon further investigation and discovery.

52.     At all times hereinafter mentioned, the Wage Defendants have been a joint enterprise within the meaning of Section 203(r) of the FLSA. 29 U.S.C. § 203(r).

53.     At all times hereinafter mentioned, the Wage Defendants have been a joint enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said joint enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that joint enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

54.     During the respected period of the Named Plaintiffs' and the FLSA Collective Members' employment by the Wage Defendants, these individuals have provided services for the Wage Defendants that involved interstate commerce for purposes of the FLSA.

55.     In performing the operations hereinabove described, Named Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

56.     Specifically, Named Plaintiffs and the FLSA Collective Members are (or were) non-exempt employees of the Wage Defendants who assisted clients, wherever they were from. 29 U.S.C. § 203(j).

57.     At all times hereinafter mentioned, Named Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

58.     The precise size and identity of the proposed collective should be ascertainable from the business records, tax records, and/or employee and personnel records of the Wage Defendants.

59.     Collective action treatment of Named Plaintiffs and the FLSA Collective Members' claims is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether the Wage Defendants satisfied the FLSA's requirements for payment of the statutory minimum wages.

60.     Further, Named Plaintiffs' FLSA claims should proceed as a collective action because Named Plaintiffs and the FLSA Collective Members, having willfully been not paid at least the federal minimum wage for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

61.     The Named Plaintiffs and the FLSA Collective Members have been similarly affected by the violations of the Wage Defendants in workweeks during the relevant time period, which amount to a companywide decision, policy, or plan to willfully avoid paying all earned federal minimum wages.

62.     Named Plaintiffs are similarly situated to the FLSA Collective Members and will prosecute this action vigorously on their behalf.

63.     Named Plaintiffs intend to send notice to all the FLSA Collective Members pursuant to Section 216(b) of the FLSA. The names and addresses of the FLSA Collective Members are available from the Wage Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are

readily available from the Wage Defendants. Notice can be provided by means permissible under the FLSA.

64.     Named Plaintiffs and the FLSA Collective Members have been damaged by the Wage Defendants' willful refusal to pay at least the federal minimum wage for all hours worked. As a result of the Wage Defendants' FLSA violations, Named Plaintiffs and the FLSA Collective Members are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## RULE 23 CLASS WAGE CLAIMS

65.     The allegations above are specifically incorporated by reference as if fully re-alleged herein.

66.     Named Plaintiffs bring their Section 34a claims pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and a class of persons consisting of:

> **All current and former non-exempt employees who worked for MVI Home Care, Inc., MVI, Inc., and Kevin McGuire at any time from approximately two (2) years preceding the commencement of this action through the date of judgment (the "Ohio Rule 23 Minimum Wage Class").**

67.     Named Plaintiffs reserve the right to amend and refine the definition of the Ohio Rule 23 Minimum Wage Class they seek to represent based upon further investigation and discovery.

68.     The number and identity of the Ohio Rule 23 Minimum Wage Class are ascertainable from the Wage Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from the Wage Defendants. Notice can be provided by means permissible under the Federal Rule of Civil Procedure 23.

69.     The Ohio Rule 23 Minimum Wage Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

70.     Upon information and belief, there are more than 60 Ohio Rule 23 Minimum Wage Class members.

71.     Named Plaintiffs' claims are typical of those claims which could be alleged by any Ohio Rule 23 Minimum Wage Class member, and the relief sought is typical of the relief which would be sought by each Ohio Rule 23 Minimum Wage Class member in separate actions.

72.     Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members were subject to the same corporate practices of the Wage Defendants, as alleged herein, of failing to pay at least the Ohio minimum wage for all hours worked.

73.     Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members have all sustained similar types of damages as a result of the Wage Defendants' failure to comply with Section 34a, the Ohio Wage Act, and the OPPA.

74.     Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members have all been injured in that they have been uncompensated due to the Wage Defendants' common policy, practice, and willful conduct. The Wage Defendants' corporate-wide policies, practices, and willful conduct affected the Ohio Rule 23 Minimum Wage Class similarly, and the Wage Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Rule 23 Minimum Wage Class members.

75.     Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies, and willful conduct.

76.     Named Plaintiffs are able to protect the interests of the Ohio Rule 23 Minimum Wage Class members and have no interests antagonistic to the Ohio Rule 23 Minimum Wage Class. As such, they are able to represent the Class fairly and adequately.

77.     Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

78.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly within the context of wage and hour litigation on behalf of non-exempt workers where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

79.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

80.     Common questions of law and fact exist as to the Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class that predominate over any questions only affecting Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members individually and include, but are not limited to:

    a.  Whether the Wage Defendants improperly failed to pay the Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members at least the Ohio minimum wage for all hours worked;

    b.  Whether the wages owed to the named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members remain unpaid for more than thirty (30) days;

c.  Whether the Wage Defendants' companywide decision not to pay the Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members at least the Ohio minimum wage for all hours worked was willful and without a good faith basis;

d.  The nature and extent of class-wide injury and the measure of damages for those injuries.

81.  Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members have been damaged by the Wage Defendants' willful refusal to pay at least the Ohio minimum wage for all hours worked and to make that payment within thirty (30) days of the work's performance.

82.  As a result of the Wage Defendants' Section 34a, Ohio Wage Act, and OPPA violations, Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members are entitled to damages, including, but not limited to, unpaid wages, treble damages, liquidated damages, costs, and attorneys' fees.

## RULE 23 CLASS ACTION UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA)

83.  The allegations above are specifically incorporated by reference as if fully re-alleged herein.

84.  Named Plaintiffs bring their claims pursuant to the federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq* under Federal Rule of Civil Procedure 23, on behalf of themselves and a class of persons consisting of:

**All participants and beneficiaries in the MVI, Inc. 401(k) Plan at any time from October 1, 2022 through the date of judgment (the "ERISA Rule 23 Class").**

85.  Named Plaintiffs reserve the right to amend and refine the definition of the ERISA Rule 23 Class they seek to represent based upon further investigation and discovery.

86.     The number and identity of the ERISA Rule 23 Class are ascertainable from the ERISA Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from the ERISA Defendants. Notice can be provided by means permissible under the Federal Rule of Civil Procedure 23.

87.     The ERISA Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

88.     Upon information and belief, there are more than 60 ERISA Rule 23 Class members.

89.     Named Plaintiffs' claims are typical of those claims which could be alleged by any ERISA Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each ERISA Rule 23 Class member in separate actions.

90.     Named Plaintiffs and the ERISA Rule 23 Class members were subject to the same corporate practices of the ERISA Defendants, as alleged herein, including breaches of ERISA's fiduciary duties and failing to remit any of the required contributions and deductions on behalf of Named Plaintiffs and the ERISA Rule 23 Class members to the Plan.

91.     Named Plaintiffs and the ERISA Rule 23 Class members have all sustained similar types of damages as a result of the ERISA Defendants' failure to comply with 29 U.S.C. §§ 1106(a)(1)(B),(D), (b)(1); 1132(a)(1)(B), (2), & (3).

92.     Named Plaintiffs and the ERISA Rule 23 Class members have all been injured in that they have not had their required contributions and/or deductions remitted to the plan for their benefit but, rather, have had their contributions and deductions converted and mismanaged during all times relevant.

93.     Named Plaintiffs and the ERISA Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies, and willful conduct.

94.     Named Plaintiffs are able to protect the interests of the ERISA Rule 23 Class members and have no interests antagonistic to the ERISA Rule 23 Class. As such, they are able to represent the Class fairly and adequately.

95.     Named Plaintiffs and the ERISA Rule 23 Class members are represented by attorneys who are experienced and competent in both class litigation and ERISA litigation.

96.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly within the context of ERISA litigation on behalf of workers where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

97.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

98.     Common questions of law and fact exist as to the Named Plaintiffs and ERISA Rule 23 Class that predominate over any questions only affecting Named Plaintiffs and the ERISA Rule 23 Class members individually and include, but are not limited to:

    a.  Whether the ERISA Defendants breached their fiduciary duties on behalf of the ERISA Rule 23 Class members to the Plan

    b.  Whether the ERISA Defendants failed to remit required contributions and deductions on behalf of the ERISA Rule 23 Class members to the Plan.

    c.  Whether and to what extent the ERISA Rule 23 Class members were harmed by the ERISA Defendants breached their fiduciary duties.

    d.  Whether the ERISA Defendants' conduct was willful.

99.    Named Plaintiffs and the ERISA Rule 23 Class members have been damaged by the ERISA Defendants' willful refusal to remit required contributions and deductions on behalf of the ERISA Rule 23 Class Members to the Plan.

100.    As a result of the ERISA Defendants' ERISA violations, Named Plaintiffs and the ERISA Rule 23 Class members are entitled to damages, including, but not limited to, the unpaid amount of delinquent contributions and deductions, liquidated damages, interested owed, relief for breach of fiduciary duties including the relief specified under 29 U.S.C. §§ 1109(a), costs, and reasonable attorneys' fees.

<u>**COUNT I**</u>
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

101.    The allegations above are specifically incorporated by reference as if fully re-alleged herein.

102.    During the time from approximately February of 2020 to the present, the Wage Defendants were Named Plaintiffs' and the FLSA Collective Members' joint "employer" within the meaning of 29 U.S.C. § 203(d) and subject to the provisions of the FLSA.

103.    During the time period from approximately February of 2020 to the present, Named Plaintiffs and the FLSA Collective members were jointly employed by the Wage Defendants within the meaning of 29 U.S.C. § 203(e)(1).

104.    During the time from approximately February of 2020 to the present, the Wage Defendants employed Named Plaintiffs and the FLSA Collective Members within the meaning of 29 U.S.C. § 203(g).

105.    During all times material to this Complaint, Named Plaintiffs and the FLSA Collective Members were not employed by the Wage Defendants in a job classification and did not perform job duties which were consistent with a bona fide executive, administrative,

professional, outside sales or computer employee exempt from the FLSA's mandate to pay at least the federal minimum wage for all hours worked.

106.    At all times material to this Complaint, the Wage Defendants failed to pay Named Plaintiffs and the FLSA Collective Members the federal minimum wage for all hours worked in violation of the FLSA. 29 U.S.C. §§ 206(a), 207(a).

107.    The Wage Defendants had no good faith basis for failing to pay Named Plaintiffs and the FLSA Collective members the lawful federal minimum wage rates while they were employees, nor was the Wage Defendants' failure based on a belief that such failure was not in violation of the FLSA. Pursuant to 29 U.S.C. § 216(b), Named Plaintiffs and the FLSA Collective members are therefore entitled to liquidated damages in an amount equal to the wages which they have not been paid, costs, and attorneys' fees.

## COUNT II
## VIOLATIONS OF SECTION 34a AND THE OHIO WAGE ACT

108.    The allegations above are specifically incorporated by reference is if fully re-alleged herein.

109.    Section 34a of Article II of the Ohio Constitution requires that every employer shall pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a.

110.    At all times material to this Complaint, in 2022 the Ohio minimum wage for non-exempt employees was $9.30 per hour.

111.    At all times material to this Complaint, Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members were not exempt from the minimum wage provisions of the Ohio Constitution or the Ohio Wage Act.

19

112.     At all times material to this Complaint, the Wage Defendants were a joint "employer" covered by Section 34a of the Ohio Constitution and have been thus required to comply with its mandates.

113.     At all times material to this Complaint, Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members were covered "employees" of the Wage Defendants pursuant to Section 34a of the Ohio Constitution and thus entitled to the Ohio Wage Act's protections.

114.     Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members were not employed by the Wage Defendants in a job classification and did not perform job duties which were consistent with a bona fide executive, administrative, professional, outside sales or computer employee exempt from the mandate under the FLSA, the Ohio Constitution, and/or the Ohio Wage Act to pay at least the Ohio minimum wage for the corresponding year they worked.

115.     The Wage Defendants violated the Ohio Constitution and the Ohio Wage Act by willfully refusing to pay Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members the statutorily mandated Ohio minimum wage for all hours worked from approximately November through December of 2022.

116.     In violating Section 34a and the Ohio Wage Act, the Wage Defendants acted willfully, without a good faith basis and with reckless disregard of applicable Ohio law.

117.     The Section 34a and the Ohio Wage Act violations are brought under Fed. R. Civ. P. 23.

## COUNT III
## VIOLATIONS OF THE OPPA

118.     The allegations above are specifically incorporated by reference as if fully re-alleged herein.

119.    At all times material to this Complaint, the Wage Defendants were an entity covered by the OPPA's provisions. *See* O.R.C. § 4113.15.

120.    At all times material to this Complaint, Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members were covered employees within the meaning of OPPA. *See* O.R.C. § 4113.15.

121.    The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

122.    At all times material to this Complaint, the Wage Defendants have refused to pay Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members all wages at the statutorily mandated Ohio minimum wage rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

123.    Named Plaintiffs' and the Ohio Rule 23 Minimum Wage Class members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

124.    The Wage Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or the Wage Defendants have otherwise exhibited a reckless disregard for the OPPA's provisions.

125.    Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members are entitled to six percent (6%) of the wages or a minimum of $200.00 for violations of the OPPA and attorneys' fees.

126.    The OPPA violations are brought under Fed. R. Civ. P. 23.

<u>**COUNT IV**</u>
**CIVIL PENALTIES FOR CRIMINAL ACTS**

127.    The allegations above are specifically incorporated by reference as if fully re-alleged herein.

128.    The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

129.    ERISA, 18 U.S.C. § 664 imposes criminal penalties for theft or embezzlement from employee benefit plans.

130.    By its acts and omissions described herein, the Wage Defendants and ERISA Defendants have willfully violated the FLSA, and Named Plaintiffs and the FLSA Collective members and ERISA Class members have been injured as a result.

131.    O.R.C.  § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

132.    As a result of the Wage Defendants' willful violations of the FLSA and ERISA Defendants' theft or embezzlement from an employee benefit plan, Named Plaintiffs and the FLSA Collective members and ERISA Class members are entitled to compensatory and punitive damages pursuant to O.R.C.  § 2307.60.

## COUNT V
## VIOLATIONS OF 29 U.S.C. § 1132(a)(1)(B) & (3)

133.    The allegations above are specifically incorporated by reference as if fully re-alleged herein.

134.    The ERISA Defendants' failure and refusal to remit contributions and deductions under the plan documents constitutes a violation of the trust agreement as well as 29 C.F.R. § 2510.3–102.

135.     The ERISA Defendants' violations of the plan documents and 29 C.F.R. § 2510.3–102 has damaged Named Plaintiffs and the ERISA Rule 23 Class in an amount to be determined at trial.

136.     Because the ERISA Defendants have violated the terms of the plan documents, ERISA, and the Code of Federal Regulations, Named Plaintiffs and the ERISA Rule 23 Class therefore seek and are entitled to recover all unpaid contributions and deductions; interest; penalties; and the costs, expenses and fees involved in bringing this action, including attorney fees pursuant to 29 U.S.C. §1132(g).  Further, Named Plaintiffs and the ERISA Rule 23 Class seek any statutory injunction, make-whole remedy, or other equitable relief available under 29 U.S.C. §1132(a)(3).

## COUNT VI
## VIOLATIONS OF 29 U.S.C. § 1132(a)(2)

137.     The allegations above are specifically incorporated by reference as if fully re-alleged herein.

138.     The ERISA Defendants were fiduciaries with respect to the Plan.

139.     The ERISA Defendants breached their fiduciary duty by improperly managing and administering the Plan and plan assets.

140.     The ERISA Defendants breached their fiduciary duty by failing to remit money that was deducted from Named Plaintiffs' and the ERISA Rule 23 Class members' wages to the Plan, and instead diverting plan assets to its own personal or other business uses.

141.     The ERISA Defendants breached their fiduciary duty by failing to ensure collection of plan assets, namely delinquent contributions and deductions.

142.     The ERISA Defendants breached their fiduciary duty by permitting or causing the plan to engage prohibited transactions.

143.     The ERISA Defendants breached their fiduciary duty by unlawful self-dealing

144.    Named Plaintiffs and the ERISA Rule 23 Class therefore seek pursuant to 29 U.S.C. § 1109(a) an Order: (a) stating that the ERISA Defendants breached their shall be personally liable to make good to the Plan any losses to the Plan resulting from each such breach, (b) restoring to such Plan any profits of Defendant MVI, Inc. which have been made through use of assets of the Plan, and (c) stating that the ERISA Defendants breached their shall be subject to such other equitable or remedial relief as the Court may deem appropriate, including removal of such fiduciary.

**COUNT VII**
**UNJUST ENRICHMENT**

145.    The allegations above are specifically incorporated by reference as if fully re-alleged herein.

146.    Named Plaintiffs assert this claim on behalf of themselves and members of the Ohio Rule 23 Minimum Wage Class, pursuant to Fed. R. Civ. P. 23.

147.    Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class were jointly employed by the Wage Defendants.

148.    From the time spanning from approximately November 27, 2022 until approximately December 21, 2022, the Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class were not—and have not been—compensated for their work performed within that time.

149.    To the date of the filing of this Complaint, the Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class are owed compensation for their work performed for the Wage Defendants' benefit during this time.

150.     Resultingly, the Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class are still owed for approximately hundreds to thousands of hours worked under the Wage Defendants' joint employment.

151.     Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class earned their wages from the time spanning from approximately November 27, 2022 until approximately December 21, 2022 and are entitled to this compensation.

152.     As a result, the Wage Defendants are unjustly enriched at the Named Plaintiffs' and the Ohio Rule 23 Minimum Wage Class's expense in the amount of compensation owed for the above time period.

153.     It is against equity and good conscience to permit the Wage Defendants to benefit from this uncompensated work.

154.     Thus, the Wage Defendants should compensate the Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class for the work the latter performed from approximately November 27, 2022 through approximately December 21, 2022 which benefitted the Wage Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs, on behalf of themselves, the FLSA Collective members, the Ohio Rule 23 Minimum Wage Class, and the ERISA Rule 23 Class pray that this Court enter the following relief:

A.     An Order certifying a collective action pursuant to 29 U.S.C. § 216(b) for the FLSA Collective members;

B.     Designating Named Plaintiffs as representatives for the FLSA Collective and designating counsel of record Class Counsel;

C.     Issuing proper notice to the FLSA Collective members at the Wage Defendants' expense;

D.     Unpaid federal minimum wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiffs and the FLSA Collective members;

E.     An Order certifying an Ohio Rule 23 Minimum Wage Class pursuant to Federal Rule of Civil Procedure 23;

F.     Designation of the Named Plaintiffs as representatives of the Ohio Rule 23 Minimum Wage Class and counsel of record as Class Counsel;

G.     A declaratory judgment that the practice complained of herein is unlawful under Section 34a, the Ohio Wage Act and the OPPA;

H.     An award of unpaid minimum wages due under Section 34a and the Ohio Wage Act;

I.     An award of damages under Section 34a, based on the Wage Defendants' failure to pay minimum wages pursuant to Section 34a, calculated as an additional two times of back wages;

J.     Awarding Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

K.     Pursuant to O.R.C. § 4111.14(J), an Order awarding an amount set by the Court sufficient to compensate Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members and deter future violations by the Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued.

L.     Compensatory and punitive damages under O.R.C. § 2307.60.

M.      Compensatory, liquidated damages attorney fees and costs under Ohio Rev. Code § 2307.61.

N.      Awarding pre-judgment and post-judgment interest.

O.      An award of prejudgment and post-judgment interest.

P.      An Order certifying the ERISA Rule 23 Class pursuant to Federal Rule of Civil Procedure 23.

Q.      Designation of the Named Plaintiffs as representatives of the ERISA Rule 23 Class and counsel of record as Class Counsel.

R.      That this Court enter an Order that Defendant MVI, Inc.'s and Defendant McGuire's failure to timely remit required contributions and deductions constitutes a violation of the Plan documents and 29 C.F.R. § 2510.3-102.

S.      That this Court enter an Order requiring Defendant MVI, Inc. and Defendant McGuire to make Named Plaintiffs and the ERISA Rule 23 Class Members who or granting equitable relief available under 29 U.S.C. §§ 1132(a)(3).

T.      That this Court enter an Order requiring Defendant MVI, Inc. and Defendant McGuire to pay to the Plan the current amount of delinquent contributions and deductions, liquidated damages, and interest owed.;

U.      That this Court enter an Order against Defendant MVI, Inc. and Defendant McGuire granting Named Plaintiffs and the ERISA Rule 23 Class relief for breach of fiduciary duties, including the relief specified under 29 U.S.C. § 1109(a).

V.      That this Court enter an Order pursuant to 29 U.S.C. § 1132(g), requiring Defendant MVI, Inc. and Defendant McGuire to pay the costs of this action, including reasonable attorneys' fees.

W.    A Judgment against the Wage Defendants and in favor of Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class for restitution for uncompensated work performed from approximately November 27, 2022 until approximately December 21, 2022 and by which the Wage Defendants were unjustly enriched.

X.    An award of costs and expenses of this action, together with reasonable attorney' fess and expert fees.

Y.    Any other relief to which the Named Plaintiffs, the FLSA Collective members, and the Ohio Rule 23 Minimum Wage Class members may be entitled.

Dated: February 9, 2023                    Respectfully submitted,

_/s/ Robert E. DeRose_
Robert E. DeRose (OH Bar No. 0055214)
Jacob A. Mikalov (OH Bar No. 0102121)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com
jmikalov@barkanmeizlish.com

Joseph J. Guarino III (OH Bar No. 0079260)
**MANGANO LAW OFFICES CO., L.P.A.**
2460 Fairmount Blvd., Suite 314
Cleveland, OH 44106
Phone: (216) 397-5844
Facsimile: (216) 397-5845
jguarino@bmanganolaw.com

_Attorney for Plaintiffs and the Putative Class Members._