IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN CAPUTO, *et al.*, on behalf of themselves and all similarly situated individuals, | : : : | Case No. 4:23-cv-00265 |
| Plaintiffs, | : : | |
| v. | : : | Judge Sara Lioi |
| MVI, INC. 401(k) PLAN, *et al.*, | : : | Magistrate Judge Amanda M. Knapp |
| Defendants. | : : | |

## CONSENT FINAL JUDGMENT ENTRY

Plaintiff Kathleen Caputo ("Plaintiff Caputo") and Plaintiff Natalie Romeo ("Plaintiff Romeo") (collectively, "Plaintiffs") commenced this action against MVI Home Care, Inc., ("Defendant MVI Home Care"), MVI, Inc. ("Defendant MVI, Inc."), Kevin McGuire ("Defendant McGuire"), and MVI, Inc. 401(k) Plan ("Defendant 401(k) Plan") (collectively, "Defendants") on February 9, 2023, on behalf of themselves and all similarly situated individuals under 29 U.S.C. § 216(b) and as a class under Fed. R. Civ. P. 23 alleging violations of the Fair labor Standards Act ("FLSA"), Article II, Section 34A of the Ohio Constitution, the Ohio Wage Act ("OWA"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 2307.60, 29 U.S.C. § 1132(a)(1)(B) & (3), 29 U.S.C. § 1132(a)(2), and the equitable claim of unjust enrichment.[1] After filing the Complaint, thirty-one (31) individuals opted-in as party Plaintiffs to this Action on February 10, 14 and 15, 2023. ECF Nos. 4-6. On March 10, 2023, Defendants filed their Answer to Plaintiffs' Complaint wherein they denied Plaintiffs' allegations and asserted several affirmative defenses. ECF No. 18.

---

[1] *See* ECF No. 1.

On February 21, 2023, prior to when Defendants appeared in this Lawsuit, Plaintiffs filed a Motion for Prejudgment Attachment of Defendants' Real Property and Assets. ECF No. 10. After the Motion was fully briefed, and in the wake of a telephone conference held on May 12, 2023 before Magistrate Judge Knapp regarding the Motion for Prejudgment Attachment, the Parties submitted to the Court a Joint Status Report Regarding Plaintiffs' Motion for Prejudgment Attachment. ECF No. 30. The Report set forth an amount to be attached prejudgment to ensure that, should Plaintiffs receive a judgment in their favor, they will stand to recover any proceeds available under the Winding Down Agreement entered into between Defendants and non-party Farmers National Bank of Canfield ahead of Defendant McGuire to a certain sum equal to $197,954.01. *Id.* The Court adopted the Parties' proposed framework for the prejudgment attachment by Order. ECF No. 31.

After arms-length negotiations, the Parties intend to be bound by a judgment that mirrors the framework set forth in the Order Issuing Prejudgment Attachment. Thus, Plaintiffs and Defendants, by and through their respective counsel, and pursuant to a settlement reached between the Parties, hereby stipulate and consent to a Final Judgment Entry in the above-captioned matter as to Plaintiffs' Complaint, as follows:

1. The Parties agree that Defendant Kevin McGuire shall not receive any proceeds under the Winding Down Agreement ahead of Plaintiffs to a certain sum which is calculated as follows:

    a. Plaintiffs may either receive (i) "treble damages" under Article II of Section 34a of the Ohio Constitution for their alleged unpaid hours worked calculated as their total amount of unpaid hours worked multiplied by $9.30 (the Ohio minimum wage for 2022) and that product is then multiplied by 200% as "treble

        damages;" or (ii) their alleged back pay under the equitable theory of unjust enrichment, whichever is greater. Based on wage records provided by Defendants, this amount equates to $130,927.42.

    b. Plaintiffs' reasonable attorneys' fees, calculated as Plaintiffs' lodestar to date plus an amount reasonably anticipated for the remainder of the litigation, which equated to up to $65,000.00 at the time the Order of Prejudgment Attachment was issued.

2. Defendants voluntarily and knowingly consent to judgment in favor of Plaintiffs against Defendants, in the total amount of $130,927.42 plus attorneys' fees in an amount up to $65,000.

3. Defendants stipulate and consent to pay each Named Plaintiff, the thirty-one (31) Opt-in Plaintiffs who filed their Consents as of this Consent Judgment, their unpaid wage and/or treble damages amount listed on **Exhibit A**.

    a. The total funds for the payment of unpaid wages and treble damages is $130,927.42.

    b. Defendant McGuire shall not recover any proceeds available under the Winding Down Agreement entered into between Defendants and non-party Farmers National Bank of Canfield ahead of Plaintiffs to a certain sum up to $197,954.01.

4. This Consent Judgment shall apply to the bank accounts identified in the Winding Down Agreement and any other bank accounts that Defendants may hereafter establish for the purpose of effectuating the Winding Down Agreement.

Dated: June 9, 2023

**SO ORDERED**

                                                  Sara Lioi
                                                  United States District Judge

Dated: June 9, 2023                                           Respectfully submitted,

| **BARKAN MEIZLISH DEROSE COX, LLP** | **BROUSE MCDOWELL LPA** |
|---|---|
| */s/ Jacob A. Mikalov* | /s/ Matthew G. Vansuch |
| Robert E. DeRose (OH Bar No. 0055214) | Matthew G. Vansuch (OH Bar No. 0079328) |
| Jacob A. Mikalov (OH Bar No. 0102121) | 6550 Seville Dr., Suite B |
| 4200 Regent Street, Suite 210 | Canfield, OH 44406 |
| Columbus, OH 43219 | Phone: (330) 533-6195 |
| Phone: (614) 221-4221 | Facsimile: (330) 533-6198 |
| Facsimile: (614) 744-2300 | mvansuch@brouse.com |
| bderose@barkanmeizlish.com | |
| jmikalov@barkanmeizlish.com | *Counsel for Defendants* |

**MANGANO LAW OFFICES CO., L.P.A.**

Joseph J. Guarino III (OH Bar No. 0079260)
2460 Fairmount Blvd., Suite 314
Cleveland, OH 44106
Phone: (216) 397-5844
Facsimile: (216) 397-5845
jguarino@bmanganolaw.com

*Counsel for Plaintiffs*